JAMES B. MOORE, APPELLANT, v. GEORGE E. MILLER, NEVADA STATE WELFARE ADMINISTRATOR; AND THE NEVADA STATE WELFARE BOARD, RESPONDENTS.

No. 7017

March 28, 1974                              520 P.2d 612

---

*B. Mahlon Brown, III,* of Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City, and *Marilyn V. Romanelli,* Deputy Attorney General, of Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Denied medical assistance under Nevada's program for aid to the permanently and totally disabled (APTD), appellant petitioned the district court for review. See: NRS 428.270(2)(c). Again denied relief, appellant contends the court erred: (1) in determining that the aforesaid denial of assistance was supported by substantial evidence; (2) "in its [the court's] support of the Nevada State Welfare Department's policy of denying APTD benefits to those suffering from alcoholism"; and (3) in ruling appellant had no right to cross-examine respondents' medical review team. His counsel also complains of departmental delay in processing appellant's application, but concedes that delay constitutes no basis for us to order benefits paid.

January 1 of this year, a federal program operating under federal guidelines supplanted Nevada's APTD program. Respondents' counsel therefore suggests this appeal is moot, because respondents have no liability for future medical bills

and, they assert, appellant in fact has no bills for past services. The record does not reflect what bills appellant has heretofore incurred, and therefore does not permit us to say the appeal is totally moot. However, this Opinion obviously can have little value as precedent, and we therefore state our reasons for affirming the district court as briefly as possible.

1. Appellant has leveled no legal attack on respondents' definitions of "disability," "permanency," and "totality." Applying such definitions, we think the record supports findings that appellant was neither permanently nor totally disabled.

2. The record also justifies rejection of appellant's contention that respondents pursued a policy of denying benefits to those suffering from alcoholism. Cf. Rosas v. Montgomery, 88 Cal.Rptr. 907 (Cal.App. 1970). We perceive nothing to indicate that the district court found such a policy existed, or that the court "supported" it.

3. On the record, the district court could properly determine that in this case the medical review team had performed a purely adjudicative function, and were not "adverse witnesses." Cf. Goldberg v. Kelly, 397 U.S. 254, 268 (1970).

Affirmed.